IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MELVIN E. BRIMAGE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 15 C 4970 |
| | ) |
| TERRENCE FOWLER, ROSARIO | ) Judge John Z. Lee |
| LAZZARA, NESTER DEJESUS, | ) |
| NICHOLAS DUCKHORN, SERGEANT | ) |
| JESSANI, ZOE BATZER, and MARC | ) |
| LAPADULA, | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM OPINION AND ORDER

Melvin Brimage brings this suit against seven Chicago police officers, alleging that they violated the Fourth Amendment by knowingly omitting material information from their application for a warrant to search his apartment (the "Warrant Claim") and by executing the resulting warrant in an unreasonable manner (the "Search Claim"). Defendants have moved for summary judgment as to both claims. For the reasons below, the motion is granted, and judgment is entered in Defendants' favor.

### I. Background[1]

**A. The Warrant Application**

In early 2013, Officer Terrence Fowler interviewed an informant who asked to be referred to as J. Doe. Defs.' LR 56.1 Stmt. Material Facts ("SOF") ¶ 16, ECF

---

[1] The following facts are undisputed or deemed admitted, unless otherwise noted.

1

No. 120; *see* Defs.' Ex. G, Complaint for Search Warrant ("Warrant") at 1, ECF No. 120-7. During that conversation, J. Doe advised Fowler that Brimage, a convicted felon, owned a "silver semi-automatic" handgun. Warrant at 1. Based on J. Doe's statements, Fowler applied for a warrant to search Brimage's apartment. Warrant at 1–2; *see* SOF ¶¶ 13–18. Judge Ford of the Circuit Court of Cook County approved the warrant on January 19, 2013. *Id.* ¶ 20.

**B.      The Criminal Case Against Brimage**

Defendants executed the search warrant on January 23, 2013.[2] SOF ¶ 23. After battering down the door to Brimage's apartment, they discovered him, a gun, and drugs inside. *Id.* ¶¶ 24, 26. They promptly arrested Brimage. *Id.* ¶ 27. He was later indicted in the Circuit Court of Cook County for unlawful possession of a firearm and possession of a controlled substance with intent to deliver. *Id.* ¶ 28.

In time, the Cook County State's Attorney's Office disclosed certain documents to Brimage's defense attorney. Pl.'s LR 56.1 Stmt. Additional Facts ("SOAF") ¶¶ 13–14, ECF No. 128. In reviewing those materials, "it became clear" to Brimage that J. Doe is his estranged daughter.[3] *Id.* ¶ 14. According to Brimage, Fowler's warrant application omitted material information about his daughter that would have discredited her testimony. *Id*. ¶¶ 14–15.

---

[2]      At times, the parties state that the search took place on January 20, 2013. Whether the search occurred on January 20 or three days later has no effect on the Court's decision.

[3]      The parties' Local Rule 56.1 submissions fail to clarify whether J. Doe is, in fact, Brimage's daughter.

2

### C. The Motions to Quash

Soon after Brimage came to believe that J. Doe was his daughter, his attorney filed a motion to quash the search warrant for lack of probable cause. SOF ¶ 30. Judge McHale, the Circuit Court of Cook County Judge assigned to Brimage's criminal case, denied that motion. *Id.* ¶ 33.

A few weeks later, Brimage's attorney submitted a second "motion to quash based on *Franks v. Delaware*[, 438 U.S. 154 (1978)]." *See* SOF ¶ 33; Defs.' Ex. N, 2d Mot. Quash at 1, ECF No. 120-14. That motion requested a *Franks* hearing "regarding [Fowler's] motivation for omitting information about Doe's credibility from the affidavits" and argued that "[t]he omission of [information about] the informant's credibility impaired the neutral role of the magistrate."[4] *Id.* ¶ 37.

After holding a preliminary hearing to decide whether a *Franks* hearing was necessary, Judge McHale again rejected Brimage's motion. Pl.'s LR. 56.1 Resp. Defs.' Stmt. Material Facts ("RSOF") ¶ 42, ECF No. 128. In doing so, the Judge explained:

> I do find that there was corroboration additionally [of J. Doe's testimony] here. I think I ruled it on a prior court date. The informant here identified the defendant's photo. [Sh]e drove by with the officer and said that's the building.[5] The police confirmed that defendant had a prior felony conviction. This [warrant] was signed and executed the

---

[4] A *Franks* hearing enables a defendant to challenge the factual basis on which a search warrant was issued. To "invalidate a warrant on this basis, a defendant at a so-called *Franks* hearing must prove by a preponderance of the evidence either falsity or recklessness, as well as materiality." *United States v. Clark*, 935 F.3d 558, 563 (7th Cir. 2019).

[5] Judge McHale acknowledged the possibility that J. Doe is Brimage's daughter, but referred to the informant as a "he." *See* Defs.' Ex. O, Hr'g Tr. at 12:19–12:23, ECF No. 120-15.

3

> next day. The difference in time between the last observation of the gun and the execution of the warrant I believe was 18 days. That's not a long time. And the complaint indicates that the officer had several conversations with the subject and that the subject has seen this gun in the defendant's possession multiple occasions at that location . . . . I'm going to deny the motion at this time.

SOF ¶ 41; *see* Defs.' Ex. O, Hr'g Tr. at 12:22–13:10, ECF No. 120-15. About a year later, Brimage was convicted of six counts of possession of a controlled substance with intent to deliver, two counts of unlawful use or possession of a weapon by a felon, and one count of being an armed habitual criminal. SOF ¶ 44.

## II. Legal Standard

Summary judgment is proper where "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The movant bears the initial burden of establishing that there is no genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). Once the movant has sufficiently demonstrated the absence of a genuine issue of material fact, the nonmovant must then set forth specific facts demonstrating that there are disputed material facts that must be decided at trial. *Id.* at 321–22.

## III. Analysis

Brimage raises two Fourth Amendment claims. First, he submits that Fowler knowingly omitted material information from the warrant application. Second, he suggests that Defendants executed the warrant in an unreasonable manner. For their part, Defendants urge the Court to grant summary judgment in their favor as to both claims.

4

### A. The Warrant Claim Is Barred by Collateral Estoppel

As a threshold matter, Defendants maintain that collateral estoppel forecloses Brimage's warrant claim. Under Illinois law, that doctrine applies when: (1) "the issue decided in the prior adjudication is identical with the one presented in the current action," (2) "there was a final judgment on the merits in the prior adjudication," and (3) "the party against whom estoppel is asserted was a party to . . . the prior adjudication." *Sanchez v. City of Chi.*, 880 F.3d 349, 357 (7th Cir. 2018) (quoting *Du Page Forklift Serv., Inc. v. Material Handling Servs., Inc.*, 744 N.E.2d 845, 849 (Ill. 2001)).[6]

Here, Brimage does not dispute that the 2014 pre-*Franks* hearing satisfies the second and third elements of collateral estoppel. Instead, he insists that it involved issues different from the ones presented here. But the issues raised by Brimage's warrant claim are identical to those Judge McHale decided in 2014.

To prevail on his § 1983 claim, Brimage must establish that: (1) Fowler "knowingly, intentionally, or with reckless disregard for the truth ma[de] false statements [or omissions] in requesting the warrant," and (2) "the false statements [or omissions] were necessary to the determination that a warrant should issue." *Lawson v. Veruchi*, 637 F.3d 699, 705 (7th Cir. 2011) (cleaned up); *see Edwards v. Joliff-Blake*, 907 F.3d 1052, 1061 (7th Cir. 2018). That is the same inquiry that Judge McHale undertook during the 2014 pre-*Franks* hearing. To obtain a *Franks* hearing, a defendant must first make "a substantial preliminary showing of (1) a

---

[6] Whether collateral estoppel bars Brimage's § 1983 claim hinges on Illinois law. *See Brown v. City v. Chi.*, 599 F.3d 772, 774 (7th Cir. 2010).

5

material falsity or omission that would alter the probable cause determination, and (2) a deliberate or reckless disregard for the truth." *United States v. Glover*, 755 F.3d 811, 820 (7th Cir. 2014) (cleaned up). It is true that Judge McHale made no "express factual finding[s]" as to these elements. Pl.'s Resp. at 15, ECF No. 130. In declining to hold a *Franks* hearing, however, the Judge necessarily found that Brimage had failed to make a "preliminary showing" as to any of them. *Glover*, 755 F.3d at 820. Thus, because at least one essential element has already been decided, Brimage's warrant claim cannot proceed.

That Judge McHale rejected Brimage's arguments after a pre-*Franks* hearing, rather than a *Franks* hearing, does not alter this analysis. As a general rule, Illinois courts accord preclusive effect to orders "sustaining or denying . . . pretrial motion[s] to suppress evidence." *People v. Johnson*, 464 N.E.2d 1197, 1199 (Ill. 1984).[7] Especially given that Judge McHale granted Brimage a full and fair opportunity to support his motion to quash, the Court sees no reason to deviate from that rule here. Indeed, courts applying similar principles routinely hold that pre-*Franks* hearings support collateral estoppel. *See, e.g.*, *Searing v. Hayes*, 684 F.2d 694, 697 (10th Cir. 1982) ("Just because [plaintiffs] did not meet the requirements under *Franks* to receive an evidentiary hearing does not limit the application of collateral estoppel."); *Forsythe v. United States*, No. 3:10-cv-508,

---

[7] Illinois courts decline to apply collateral estoppel when "additional evidence" or "exceptional circumstances" are present. *Johnson*, 464 N.E.2d at 1199. But Brimage fails to highlight any evidence that he was not permitted to introduce at the 2014 hearing. Nor does he identify any exceptional circumstances.

2011 WL 1882385, at *5 (D. Nev. May 17, 2011) (same). Collateral estoppel thus precludes Brimage's warrant claim.[8]

**B.     The Search Claim is Untimely**

The remaining question is whether the statute of limitations bars Brimage's search claim. Given that a two-year limitations period governs § 1983 claims under Illinois law, *see Woods v. Ill. Dep't of Children & Family Servs.*, 710 F.3d 762, 768 (7th Cir. 2013); that a Fourth Amendment claim "accrues at the time of the search or seizure," *Neita v. City of Chi.*, 830 F.3d 494, 498 (7th Cir. 2016); and that Defendants canvassed Brimage's apartment in January 2013, SOF ¶ 23, it follows that the search claim expired several months before this suit was filed.

Rather than contest this timeline, Brimage contends that equitable tolling saves his search claim.[9] To invoke that doctrine, a plaintiff bears the burden of establishing two elements: (1) "diligence in the pursuit of h[is] rights" and (2) "the existence of an extraordinary circumstance that nonetheless stood in the way of h[is] making a timely filing." *Madison v. U.S. Dep't of Labor*, 924 F.3d 941, 947 (7th Cir. 2019). Because Brimage has failed to support the second element, his search claim is time-barred.[10]

---

[8]     Because collateral estoppel is fatal to the warrant claim, the Court has no occasion to address Defendants' alternative arguments.

[9]     While "the accrual date of a § 1983 cause of action is a question of federal law," *Wallace v. Kato*, 549 U.S. 384, 396 (2007), Illinois law governs the application of the equitable tolling doctrine, *see Bryant v. City of Chi.*, 746 F.3d 239, 243 (7th Cir. 2014).

[10]    The Court assumes (without deciding) that Brimage has asserted sufficient facts to sustain the due-diligence element.

7

In deciding whether the extraordinary-circumstances requirement is satisfied, courts employ a "flexible standard that encompasses all of the circumstances that [the plaintiff] faced and the cumulative effect of those circumstances." *Socha v. Boughton*, 763 F.3d 674, 686 (7th. Cir. 2014). The overarching question is whether those circumstances formed an "extraordinary barrier[]" to the plaintiff's suit, such as "legal disability" or "an irredeemable lack of information." *Thede v. Kapsas*, 897 N.E. 2d 345, 351 (Ill. App. Ct. 2008). As these examples suggest, "equitable tolling is an extraordinary remedy that is rarely granted." *Carpenter v. Douma*, 840 F.3d 867, 870 (7th Cir. 2016) (cleaned up).

Here, Brimage catalogs an array of circumstances that he says made it more difficult for him to file this lawsuit, including:

- Severe anxiety that manifested in the form of insomnia, headaches, panic attacks, and suicidal thoughts, SOAF ¶ 4;[11]

- Incarceration at penal institutions starting on January 20, 2013, *id.* ¶ 1;

- A criminal defense attorney who mistakenly advised Brimage that a four-year limitations period would apply to this suit, *id.* ¶ 6;

- A mishap in which legal documents Brimage sent a different attorney were lost in the mail, *id.* ¶ 10; and,

- A low score on a general knowledge test, which indicated that Brimage has the same overall knowledge as a fourth grader, *id.* ¶ 20.

---

[11] Brimage emphasizes that concerns about his mother's welfare prompted his psychological deterioration. SOAF ¶ 22.

While the Court is sympathetic to Brimage's circumstances, many of these circumstances count as "garden variety" problems that merit minimal weight in the equitable tolling analysis. *See Carpenter*, 840 F.3d at 872. For starters, it is well-settled that "[i]ncarceration alone . . . does not qualify as an extraordinary circumstance." *Socha*, 763 F.3d at 685. In the same vein, "attorney negligence is not extraordinary and clients, even if incarcerated, must vigilantly oversee, and ultimately bear responsibility for, their attorneys' actions or failures." *Modrowski v. Mote*, 322 F.3d 965, 968 (7th Cir. 2003) (cleaned up). And similarly, because Brimage could have followed up to ensure his mail had been delivered, the postal mishap adds little to the argument in favor of equitable tolling. *See Menominee Indian Tribe of Wis. v. United States*, 136 S. Ct. 750, 756 (2016) ("[T]he second prong of the equitable tolling test is met only where the circumstances that caused a litigant's delay are . . . beyond its control."). Likewise, Brimage has not met his burden of explaining how a low score on a general knowledge test impeded his ability to file this suit. *See Mayberry v. Dittman*, 904 F.3d 525, 530 (7th Cir. 2018).

The most serious obstacle Brimage encountered involved his severe anxiety and the symptoms that accompanied it. Brimage even depicts those ailments as a but-for cause of his delayed filing. SOAF ¶ 4. Still, as the Seventh Circuit has stressed, the extraordinary circumstances requirement demands "[s]omething more than but-for causation." *Davis v. Humphreys*, 747 F.3d 497, 500 (7th Cir. 2014). In *Anguilo v. United States*, for example, a court in this district determined

9

that a combination of "anxiety and stress disorder and major depression" that "contributed to the timing of [the] filing" did not qualify as an extraordinary barrier. 867 F. Supp. 2d 990, 1001 (N.D. Ill. 2012). Given that Brimage suffered from a similar medley of psychological problems, his mental condition alone does not justify equitable tolling.

That is especially true because Brimage's *pro se* submissions show that his anxiety did not stop him from "engag[ing] in the legal process." *See Conroy v. Thompson*, 929 F.3d 818, 821 (7th Cir. 2019). Aside from crafting a complaint that withstood threshold review, Brimage also composed a coherent response brief that defeated Defendants' motion to dismiss. *See* 2/25/16 Order, ECF No. 4; 3/4/18 Order, ECF No. 58. Even drawing reasonable inferences in Brimage's favor, those unassisted filings reveal that he retained the ability to "understand[] his legal rights and act[] upon them," despite whatever psychological issues he suffered. *Obriecht v. Foster*, 727 F.3d 744, 750–51 (7th Cir. 2013) (cleaned up).

Mindful of the need to analyze "the entire hand . . . [a plaintiff] was dealt," the Court has considered the "cumulative effect" of the issues Brimage identifies. *See Socha*, 763 F.3d at 686. But, as noted above, most of those circumstances deserve relatively little weight. And while Brimage's psychological problems constitute a more substantial obstacle, his filing of a cogent *pro se* complaint undermines his argument that they prevented him "from understanding and pursuing his rights." *Mayberry*, 904 F.3d at 529. Considering that Brimage suffered from a serious-but-not-extraordinary mental illness, along with an array

10

of "garden variety" issues, the Court finds that the barriers he faced were not so substantial as to warrant equitable tolling. *See Carpenter*, 840 F.3d at 872.

That conclusion is consistent with *Socha*, the main case that Brimage invokes. In *Socha*, the petitioner's former attorney unjustifiably withheld essential files "[f]or nearly 90% of" the limitations period. 763 F.3d at 686. Even after the petitioner obtained those files, the prison limited him to just "four hours of library time in the 40 days he had before his petition was due." *Id.* at 687. Classifying those barriers as "nearly insurmountable," and struggling to imagine "what more he could have done," the Seventh Circuit held that the petitioner was entitled to equitable tolling. *Id.* at 686.

The facts of this case are materially different. First, whereas plaintiff's counsel in *Socha* did not even provide the plaintiff with the relevant documents until the limitations period had almost expired, here Brimage—though he may have received erroneous advice by his prior counsel about the statute of limitations period—nonetheless had possession of the pertinent facts and was free to do his own research or seek other legal advice. Second, nothing in the record indicates that Brimage did not have adequate access to the prison's law library. And third, unlike the plaintiff in *Socha*, there are many steps Brimage could have taken that would have enabled him to file suit on time; for example, he could have started research sooner or followed up about the mislaid mail.[12]

---

[12] Similar considerations distinguish *Richardson v. Thompson*, another case Brimage cites. No. 16-cv-7422, 2019 WL 3573578 (N.D. Ill. Aug. 6, 2019). The *Richardson* plaintiff suffered from a documented history of mental illness verging on legal incapacity, "require[d] help even with the most basic writing tasks," endured several episodes of rape

11

In short, even after considering the cumulative effect of the circumstances Brimage faced, the factual record does not support an application of the equitable tolling doctrine to his search claim. Accordingly, that claim is untimely.

## IV. Conclusion

For the reasons given above, Defendants' motion for summary judgment is granted. Judgment is entered in favor of Defendants. This case is terminated.

**IT IS SO ORDERED.**   ENTERED: 10/8/20

_____
**JOHN Z. LEE**
**United States District Judge**

---

at the hands of fellow inmates, and faced restricted access to the prison library. *Id.* at *10–14. By comparison, Brimage describes milder psychological problems, no physical abuse, and apparently unimpeded library access.